847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Imre DOMBY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1161.
 United States Court of Appeals, Federal Circuit.
 April 19, 1988.
 
 Before BISSELL, ARCHER and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Imre Domby, a pro se litigant, appeals the judgment of the United States Claims Court, No. 672-87 C (Nov. 6, 1987), dismissing Domby's complaint for lack of subject matter jurisdiction. We affirm.
 
 OPINION
 
 2
 Domby's many arguments turn on the proposition that he is entitled to compensation under the Federal Employees Compensation Act (FECA), 5 U.S.C. Secs. 8101-8193 (1982 & Supp. IV 1986), because he rendered service to the United States by subjecting himself to covert drug experimentation. The FECA states that an
 
 
 3
 'employee' means--
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 an individual rendering personal service to the United States similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual....
 
 
 7
 Sec. 8101(1)(B) (1982) (emphasis added). Domby points to 10 U.S.C. Sec. 4503 (1982) as the statute authorizing the United States to accept Domby's alleged service. According to that statute, "[t]he Secretary of the Army may conduct and participate in research and development programs ... and may procure or contract for the use of ... services that are needed for those programs." Id.
 
 
 8
 Assuming without deciding that Domby qualifies as a FECA employee, there are two reasons we cannot give him relief. First, the FECA requires the timely submission of a claim to the Secretary of Labor. 5 U.S.C. Secs. 8121, 8122 (1982). Although section 8122(b) suggests that Domby may still be able to submit his claim to the Secretary of Labor, nothing in the record shows that Domby has yet done so. Second, the FECA prohibits judicial review of the Secretary's determination concerning a FECA award. 5 U.S.C. Sec. 8128(b) (1982). In light of Domby's failure to exhaust administrative remedies and the FECA's proscription against judicial review, we must affirm the judgment of the Claims Court.
 
 
 9
 Although Domby's claim may arguably sound in tort, he has not convinced us that the interest of justice requires us to transfer this case. 28 U.S.C. Sec. 1631 (1982). The court papers suggest that Domby's claim accrued by November 12, 1981. Under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2401(b) (1982), however, Domby had to file an administrative tort claim within two years from the date that the claim accrued. As the record does not show he did this, the FTCA claim appears to be time-barred.
 
 
 10
 Domby, nevertheless, argues that his claim continues to accrue due to the continuous nature of his injuries. This argument is not enough to persuade us that the interest of justice requires transfer. We will leave it to the district court to evaluate the merits of this position if Domby decides to press his FTCA claim there.